IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: JKB-13-0102 |
| ROBERT HARVEY, *et al.* | * | |

* * * * * * * * * * * * *

**DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT
AND/OR EXCLUDE TAINTED WITNESSES**

Defendants Robert Harvey and Keith Morris, through their respective counsel, hereby move this Court, pursuant to *Garrity v. New Jersey*, 385 U.S. 493 (1967), *Kastigar v. United States*, 406 U.S. 441, (1972), the Fifth Amendment and 18 U.S.C. § 6002, to dismiss all counts against defendants unless the United States can affirmatively prove that the evidence it proposes to use against them is derived from a legitimate source wholly independent of their compelled testimony and compelled disclosures.

Because defendants have not yet received their *Garrity*-protected statements, they reserve the right to supplement this Motion as necessary. In support of this Motion, defendants state the following:

1. Harvey is charged in a two-count Indictment with deprivations of civil rights in violation of 18 U.S.C. § 242 and falsification of a document in violation of 18 U.S.C. § 1519. Morris is charged with the first count only. The charges allege that Harvey and Morris assaulted an inmate while working as correctional officers at Roxbury Correctional Institution.

2. The Government has informed counsel that both defendants gave statements to administrative investigators in March of 2008. These statements were potentially obtained by coercion: the statements were offered under the threat that the Defendants would be terminated

from their employment if they remained silent. Those statements, therefore, are subject to the protections of *Garrity*, and may not be used against the defendants at trial.

3. Government counsel has filed a Motion for Protective Order relating to these statements, and, pending the decision of the Court on that issue, have not provided the substance of those statements. However, for purposes of this Motion, Defendants will assume that these statements contain information that the Government could potentially use against the Defendants at trial.

4. Harvey and Morris were subjected to administrative hearings, as well as a criminal prosecution, during which the Defendants may have testified. Prior to these proceedings, state police and internal affairs officers conducted a joint investigation in which they questioned numerous witnesses and other defendants, many of whom were correctional officers who worked with Harvey and Morris. Based upon information and belief, the investigators, in the course of their questioning, used the defendants' *Garrity*-protected statements to facilitate their investigation. Also based on information and belief, the investigators exposed numerous witnesses and defendants to the *Garrity*-protected statements of Harvey and Morris.

5. It has been well settled that immunized testimony precludes its use as an "investigatory lead and the use of any evidence obtained by focusing investigation on a witness as a result of his compelled disclosures." *Kastigar*, 406 U.S. at 460 (1972). Also, *Kastigar* casts a wide net and "is violated whenever the prosecution puts on a witness whose testimony is shaped directly or indirectly by compelled testimony regardless of how or by whom he was exposed to that testimony" *United States v. North*, 920 F.2d 940, 942 (D.C. Cir. 1990).

6. Because counsel does not yet have the defendants' statements, it is impossible to further investigate the extent of the taint that resulted from these *Garrity* violations. Defendants therefore request more time to supplement this Motion once the Government has turned over the

defendants' statements and other materials that, to date, have been withheld pending the outcome of the Government's Motion for Protective Order.

WHEREFORE, defendants Harvey and Morris respectfully request that this Honorable Court grant a *Kastigar* hearing and dismiss all counts against the Defendants.

Respectfully submitted,

_____/s/_____

Christopher C. Nieto, Esq.
Law Office of Christopher C. Nieto, LLC
111 South Calvert Street
Suite 2700
Baltimore, MD 21202
(443) 863-8189

C. Justin Brown
THE LAW OFFICE OF C. JUSTIN BROWN
231 E. Baltimore St., suite 1102
Baltimore, MD 21201
(410) 244-5444

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of May, 2013, a copy of the foregoing Motion was served via ECF on all counsel of record.

_____/s/_____

C. Justin Brown